UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

The Guardian Life Insurance Company
of America,

                Plaintiff,

vs.                                  Case No. 2:13-cv-335-FtM-29DNF

Cindy Lutz, in her capacity as
Personal Representative of the
Estate of Gerald Deene Dreher; and
Danielle Dreher, Individually and as
Personal Representative of the
Estate of Sam P. Dreher, II,

                Defendants.
_____

Cindy Lutz, in her capacity as
Personal Representative of the
Estate of Gerald Deene Dreher,

                Cross-Plaintiff,

vs.

Danielle Dreher, Individually,

                Cross-Defendant,
_____

## OPINION AND ORDER

This matter comes before the Court on Cross-Defendant's Motion to Dismiss Crossclaim for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #21) filed on August 2, 2013. Cross-Plaintiff filed an Opposition (Doc. #34) on October 10, 2013. For the reasons set forth below, the motion is granted.

**I.**

On April 30, 2013, plaintiff The Guardian Life Insurance Company of America (Guardian) filed a Complaint in Interpleader (Doc. #1) against defendants Danielle Dreher, the wife of the decedent Sam P. Dreher II (decedent) and personal representative of his estate, and Cindy Lutz, the sister of decedent and personal representative of their mother, Gerald Deene Dreher's, estate. On August 22, 2013, the parties filed a Stipulation for Interpleader (Doc. #22), in which the parties stipulated that Guardian "is entitled to interpleader relief, as it is an innocent stakeholder because it currently holds the sum of money in the amount of $600,000 representing the total death benefits payable under [the] Term Life Insurance Policies. . . ." and that the defendants "shall proceed among themselves to determine rights and claims to the Disputed Benefits." After Guardian deposited the interpleader funds into the Registry of the Court, the Court issued an Order dismissing the plaintiff with prejudice. (Doc. #28.)

On July 12, 2013, defendant Cindy Lutz (Cross-Plaintiff) filed a Crossclaim (Doc. #20) against defendant Danielle Dreher (Cross-Defendant) alleging that Cross-Defendant is listed as the primary beneficiary of the life insurance policies, that she is a suspect in the death of decedent, that her boyfriend, Michael J. Minor, Jr. has been formally charged in decedent's death, and that she participated in the procurement of decedent's death and is

therefore not entitled to any interest in the life insurance policies pursuant to Fla. Stat. § 732.802.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent

-3-

with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

Cross-Defendant contends that the Crossclaim should be dismissed for failing to state a claim upon which relief can be granted because the Crossclaim's allegations do not meet the legal standard for denial of benefits under Florida law. (Doc. #21.) Cross-Plaintiff responds that she has adequately plead a slayer statute action. (Doc. #34.)

Fla. Stat. § 732.802 provides in relevant part:

> (1) A surviving person who unlawfully and intentionally kills or participates in procuring the death of the decedent is not entitled to any benefits under the will or under the Florida Probate Code, and the estate of the decedent passes as if the killer had predeceased the decedent. Property appointed by the will of the decedent to or for the benefit of the killer passes as if the killer had predeceased the decedent.
>
> . . . .
>
> (3) A named beneficiary of a bond, life insurance policy, or other contractual arrangement who unlawfully and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement; and it becomes payable as though the killer had predeceased the decedent.

A surviving person is not entitled to any benefits under a will or under the Florida Probate Code, if the person "unlawfully and intentionally kills or participates in procuring the death of the decedent." Fla. Stat. § 732.802(1). However, "participates in procuring the death" is not present in the section pertaining to named beneficiaries of a life insurance policy. Fla. Stat. § 732.802(3). Here, the Crossclaim alleges that Cross-Defendant is the primary beneficiary of each of the life insurance policies. (Doc. #20, ¶ 4.) Therefore, Cross-Plaintiff's allegations that Cross-Defendant "participated in the procurement of decedent's death" fail to state a claim under Fla. Stat. § 732.802.

Accordingly, it is now

**ORDERED:**

Motion to Dismiss Crossclaim for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #21) is **GRANTED** and the Cross-Claim (Doc. #20) is **dismissed without prejudice** to filing an Amended Cross-Claim within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 16th day of October, 2013.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record