UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

The Guardian Life Insurance
Company of America,

      Plaintiff,

vs.                              Case No: 2:13-cv-335-FtM-29DNF

CINDY LUTZ, in her capacity
as Personal Representative
of the Estate of Gerald
Deene Dreher and DANIELLE
DREHER, Individually and as
Personal Representative of
the estate of Sam P. Dreher,
II,

      Defendants.
_____

CINDY LUTZ, in her capacity
as Personal Representative
of the Estate of Gerald
Deene Dreher,

      Cross-Plaintiff,

vs.

DANIELLE      DREHER,
individually,

      Cross-Defendant.
_____

## OPINION AND ORDER

      This matter comes before the Court on Cross-Defendant's Motion to Dismiss Amended Crossclaim for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #40) filed on November 27,

2013. Cross-Plaintiff filed a Response (Doc. #44) on December 20, 2013. For the reasons stated below, the motion is denied.

I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

On April 30, 2013, plaintiff The Guardian Life Insurance Company of America (Guardian) filed a Complaint in Interpleader (Doc. #1) against defendants Danielle Dreher (Cross-Defendant or Dreher), the wife of the decedent Sam P. Dreher II (decedent) and personal representative of his estate, and Cindy Lutz (Cross-Plaintiff or Lutz), the sister of decedent and personal representative of their mother Gerald Deene Dreher's estate. On August 22, 2013, the parties filed a Stipulation for Interpleader (Doc. #22), in which the parties stipulated that Guardian "is entitled to interpleader relief . . . as it is an innocent stakeholder because it currently holds the sum of money in the amount of $600,000 representing the total death benefits payable under [the] Term Life Insurance Policies" and that the defendants "shall proceed among themselves to determine rights and claims to the Disputed Benefits." After Guardian deposited the interpleader

3

funds into the Registry of the Court, the Court issued an Order dismissing the plaintiff with prejudice. (Doc. #28.)

On November 6, 2013, Lutz filed an Amended Crossclaim (Doc. #39) alleging that Cross-Defendant "did unlawfully and intentionally kill" decedent. (Id. ¶ 7.) While Lutz concedes that Minor, not the Cross-Defendant, fired the shots that killed decedent, the Amended Crossclaim alleges that Dreher "aided, abetted, counseled, or otherwise procured Minor in the burglary of [decedent's] vehicle which resulted in [decedent's] murder." (Id. ¶ 15.) Lutz further alleges that Dreher's behavior "rises to the level of . . . unlawfully and intentionally killing" required by Fla. Stat. § 732.802(3). (Id. ¶ 14.)

### III.

Dreher contends that the Amended Crossclaim (Doc. # 39) should be dismissed for failing to state a claim upon which relief can be granted because the Amended Crossclaim's allegations do not meet the legal standard for denial of benefits under Florida law. (Doc. #40.) Lutz responds that she has adequately pled a Slayer Statute action. (Doc. #44.)

Fla. Stat. § 732.802, commonly referred to as the Florida Slayer Statute, provides in relevant part:

> (3) A named beneficiary of a bond, life insurance policy, or other contractual arrangement who unlawfully and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual

4

>     arrangement; and it becomes payable as though the killer
>     had predeceased the decedent.

Thus, a named beneficiary of a life insurance policy is not entitled to any benefit under the policy if the beneficiary unlawfully and intentionally kills the person upon whose life the policy is issued. Fla. Stat. § 732.802(3). Additionally, an "instigator and co-perpetrator" may be considered to have unlawfully and intentionally killed for the purposes of § 732.802(3) even if he or she did not physically commit the killing in question. See Zabrani v. Riveron, 495 So. 2d 1195, 1197 (Fla. 3d DCA 1986).

Here, the Amended Crossclaim alleges that Dreher is the primary beneficiary of each of the life insurance policies and that Dreher "did unlawfully and intentionally kill" decedent (Doc. # 39 ¶ 7). Lutz further alleges that Dreher "aided, abetted, counseled, or otherwise procured Minor in the commission of the burglary of [decedent's] vehicle . . . which ultimately [led] to [decedent's] murder." (Id. ¶ 13.) In support of these allegations, Lutz contends, *inter alia*, that decedent and Dreher were in the process of divorcing at the time of decedent's murder; that Minor and Dreher engaged in an extramarital affair for approximately four years prior to decedent's murder; that Dreher and Minor tracked decedent's vehicle via a GPS device; that Minor admitted to following decedent to help Dreher with her and

decedent's ongoing divorce; and that Minor and Dreher jointly burgled decedent's girlfriend's apartment. (Id. ¶ 15.) Therefore, Cross-Plaintiff has adequately alleged a claim under Fla. Stat. § 732.802.

Accordingly, it is now

**ORDERED:**

1. Cross-Defendant's Motion to Dismiss Amended Crossclaim for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #40) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   1st   day of May, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record