UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

The Guardian Life Insurance
Company of America,

    Plaintiff,

vs.                              Case No: 2:13-cv-335-FtM-29DNF

CINDY LUTZ, in her capacity
as Personal Representative
of the Estate of Gerald
Deene Dreher and DANIELLE
DREHER, Individually and as
Personal Representative of
the estate of Sam P. Dreher,
II,

    Defendants.
_____

CINDY LUTZ, in her capacity
as Personal Representative
of the Estate of Gerald
Deene Dreher,

    Cross-Plaintiff,

vs.

DANIELLE DREHER,
individually,

    Cross-Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Cross-Defendant's Motion for Summary Judgment of Cross-Plaintiff's Amended Crossclaim (Doc. #54) filed on April 4, 2014 and Cross-Plaintiff's

Response (Doc. #61) filed on April 18, 2014.  For the reasons set forth below, the motion is denied.

## I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).  However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a

reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

On April 30, 2013, plaintiff The Guardian Life Insurance Company of America (Guardian) filed a Complaint in Interpleader (Doc. #1) against defendants Danielle Dreher, the wife of the decedent Sam P. Dreher II (decedent) and personal representative of his estate, and Cindy Lutz, the sister of decedent and personal representative of their mother Gerald Deene Dreher's estate. On August 22, 2013, the parties filed a Stipulation for Interpleader (Doc. #22), in which the parties stipulated that Guardian "is entitled to interpleader relief . . . as it is an innocent stakeholder because it currently holds the sum of money in the amount of $600,000 representing the total death benefits payable under [the] Term Life Insurance Policies" and that the defendants "shall proceed among themselves to determine rights and claims to the Disputed Benefits." After Guardian deposited the interpleader funds into the Registry of the Court, the Court issued an Order dismissing the plaintiff with prejudice. (Doc. #28.)

On November 6, 2013, defendant Cindy Lutz (Cross-Plaintiff or Lutz) filed an Amended Crossclaim (Doc. #39) against defendant

Danielle Dreher (Cross-Defendant or Dreher) alleging that Dreher is listed as the primary beneficiary of the life insurance policies, that Dreher's boyfriend, Michael J. Minor, Jr. (Minor) has been formally charged in decedent's death, and that Dreher intentionally and unlawfully killed decedent.  While Cross-Plaintiff concedes that Minor, not Dreher, fired the shots that killed decedent, the Amended Crossclaim alleges that Dreher "aided, abetted, counseled, or otherwise procured Minor in the burglary of [decedent's] vehicle which resulted in [decedent's] murder."  (Id. ¶ 15.)  Cross-Plaintiff further alleges that such behavior "rises to the level of . . . unlawfully and intentionally killing" and therefore Dreher is not entitled to any interest in the life insurance policies pursuant to Fla. Stat. § 732.802(3).  (Id. ¶ 14.)

### III.

The Amended Crossclaim is premised upon Fla. Stat. § 732.802, which is commonly referred to as Florida's "Slayer Statute." Under § 732.802, a named beneficiary of a life insurance policy "who unlawfully and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit" under the policy.  A "final judgment of conviction of murder in any degree is conclusive for purposes of [the Slayer Statute]."  Id. In the absence of a murder conviction, "the court may determine by the greater weight of the evidence whether the killing was unlawful

4

and intentional . . . ." Id. Thus, the party invoking the Slayer Statute must prove by a preponderance of the evidence that the beneficiary intentionally and unlawfully killed the decedent. Congleton v. Sansom, 664 So. 2d 276, 280 (Fla. 1994).

The Slayer Statute, however, does not require the beneficiary to physically commit the killing in question, as an "instigator and co-perpetrator" of a murder may be considered to have unlawfully and intentionally killed for the purposes of § 732.802(3). See Zabrani v. Riveron, 495 So. 2d 1195, 1197 (Fla. 3d DCA 1986). This is consistent with Florida criminal law, which provides that a co-perpetrator who played an integral part in a killing can possess the intent to kill required to commit first-degree premeditated murder even if the individual did not personally murder the victim. See, e.g., Smith v. State, 998 So. 2d 516, 524 (Fla. 2008); Ferrell v. State, 686 So. 2d 1324, 1329 (Fla. 1996).

**IV.**

Dreher contends that she is entitled to summary judgment on the Amended Crossclaim because the uncontested evidence in the record demonstrates that Minor acted alone in killing decedent and, therefore, a reasonable fact-finder could not conclude that Dreher intentionally and unlawfully killed decedent as required by the Slayer Statute. (Doc. #54.) Lutz responds that Dreher's direct involvement in the criminal acts that led to decedent's

5

death allow a reasonable fact-finder to conclude that Dreher and Minor were co-perpetrators such that Dreher can be considered to have unlawfully and intentionally killed decedent. (Doc. #61.) Both contentions find factual support in the record.

For example, in support of her contention that Minor acted alone, Dreher emphasizes that while Minor has been indicted for first-degree pre-meditated murder of decedent, (Affidavit of Darol H.M. Carr In Support of Motion for Summary Judgment (Doc. #56) Ex. A), Cross-Defendant has not been charged in connection with decedent's death. Additionally, in his sworn statement to police following his arrest, Minor explicitly stated that he acted alone. (Doc. #56 Ex. C at 38, 47.) Likewise, in a subsequent "proffer" interview with the Florida State Attorney's Office, Minor flatly denied that Cross-Defendant sent him to kill decedent. (Doc. #56 Ex. D at 28.)

To the contrary, Lutz cites other facts in support of her contention that Dreher and Minor, who maintained a romantic relationship for four years prior to decedent's death, were co-perpetrators. Prior to decedent's death, Dreher and Minor had text message conversations regarding shooting decedent and the amount of decedent's life insurance policies. (Affidavit of Connie L. Collins in Opposition to Motion for Summary Judgment (Doc. #68) Ex. A at 3-4; Doc. #56 Ex. D at 19-22.) Furthermore, in a letter to Lutz, Minor explained that Dreher had "poisoned" Minor against

6

decedent by creating the false impression that decedent was a dangerous and violent man who had repeatedly assaulted her. (Doc. #56 Ex. E.) Additionally, Dreher and Minor surreptitiously placed a GPS receiver on decedent's and decedent's girlfriend's vehicles in order to monitor their movements, and the GPS data was subsequently used by Dreher and Minor to burgle decedent's girlfriend's residence. (Doc. #68 Ex. B; Doc. #56 Ex. D at 6-12; Doc. #56 Ex. E.) Minor has stated that the purpose of the surveillance and burglary was the same as his purpose in confronting decedent on the day of the shooting: to obtain evidence of decedent's extramarital affair in order to aid Dreher in her and decedent's ongoing divorce. (Doc. #56 Ex. C at 19-22, 30; Ex. D at 5, 15, 17.)

Viewing the record as a whole and in favor of the non-moving Cross-Plaintiff, there exists genuine issues of material fact concerning the extent (if any) of Cross-Defendant's involvement in the death of decedent, and a reasonable fact-finder could reasonably infer from the record that Cross-Defendant and Minor acted as co-perpetrators in the killing of decedent.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment of Cross-Plaintiff's Amended Crossclaim (Doc. #54) is **DENIED**.

7

**DONE AND ORDERED** at Fort Myers, Florida, this   1st   day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record